FILED
NOV 2 6 2012
nov 26, 2012
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALFREDA PRYOR, | ) |
| | ) 1:12-cv-09381 |
| Plaintiff, | ) Judge Rebecca R. Pallmeyer |
| | ) Magistrate Judge Jeffrey T. Gilbert |
| vs. | ) |
| | ) |
| NATIONAL RAILROAD PASSENGER | ) PLAINTIFF DEMANDS |
| CORPORATION, a foreign | ) |
| corporation d/b/a AMTRAK | ) |
| | ) TRIAL BY JURY |
| Defendant. | ) |

**COMPLAINT AT LAW**

Plaintiff, ALFREDA PRYOR, by and through her attorney, JAMES M. URTIS, ESQ., as and for her complaint against Defendant NATIONAL RAILROAD PASSENGER CORPORATION, A FOREIGN CORPORATION D/B/A AMTRAK ("AMTRAK"), states:

**PARTIES**

1. That at all times relevant, the Plaintiff, ALFREDA PRYOR, was an individual residing in the County of Cook, State of Illinois.

2. That at all times relevant, the Defendant, AMTRAK, was a corporation engaged in the business of providing railroad transportation to the public at large in the County of Cook, State of Illinois.

**JURISDICTION & VENUE**

3. That this Honorable Court has jurisdiction pursuant to 28 U.S.C., section 1331; and 28 U.S.C., section 1349, in that AMTRAK was incorporated by an act of congress, and the United States owns a majority of its capital stock.

4. That venue is proper as the Defendant, AMTRAK, conducts business in the Northern District of Illinois.

**FACTS COMMON TO ALL COUNTS**

5. That on November 24, 2010, Plaintiff boarded an AMTRAK train which departed from Chicago's Union Station with a scheduled destination of Toledo, Ohio.

6. That on November 24, 2010, shortly after the train's departure from Union Station, an announcement was made over the train's intercom that the dining cart was opened to AMTRAK passengers.

7. That on November 24, 2010, following the announcement, Plaintiff journeyed from her seat to the dining car.

8. That on November 24, 2010, as Plaintiff journeyed to the dining car, Plaintiff was violently thrown about the car.

9. At the aforementioned time and place, Plaintiff encountered a foreign substance which, together with being

2

thrown about the car, caused her to slip and violently fall to the ground.

## COUNT I

### STRICT LIABILITY

### VIOLATION(S) OF THE FEDERAL RAILROAD ADMINISTRATION

10. Plaintiff adopts and realleges as if fully set forth herein paragraphs 1-9, as though fully restated herein.

11. That at all times relevant, Defendant was under a strict duty to comply with the regulations issued by the Secretary of Transportation, acting through the Federal Railroad Administration. 49 C.F.R. § 213 et. seq.

12. That on November 24, 2010, Defendant breached its duty in one or more of the following particulars:

    a. Operated a railcar at a rate of speed in excess of the prescribed track class speed limits, contrary to and in violation of 49 C.F.R. 213.9;

    b. Operated a railcar at a rate of speed in excess of the prescribed speed limits for curved track, contrary to and in violation of 49 C.F.R. 213.57;

    c. Owned, operated, maintained, and controlled a track outside the prescribed safety tolerance with regard to proper alignment of same, contrary to and in violation of 49 C.F.R. 213.55;

    d. Owned, operated, maintained, and controlled a track with an improper amount of

      crossties, contrary to and in violation of 49 C.F.R 213.109;

  e. Permitted ongoing use of a track which failed to comply with various section of 49 C.F.R. 213 et. seq., contrary to and in violation of 49 C.F.R 213.5;

  f. Permitted passengers to freely walk about the train at a time when it was unsafe to do so; and

  g. Otherwise violated the tenets of 49 C.F.R. 213 and its subsections.

13. That as a direct and proximate result of the aforementioned acts and/or omissions of the Defendant, the Plaintiff sustained injury. Specifically, the Plaintiff suffered disability; disfigurement; pain and suffering, reasonably certain to be experienced in the future; emotional distress, reasonably certain to be experienced in the future; expenses for necessary medical care, treatment, and services rendered, reasonably certain to continue; the value of earnings lost, reasonably certain to be lost in the future.

**WHEREFORE**, the Plaintiff, ALFREDA PRYOR, prays that this Honorable Court enter a judgment in her favor and against the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, A FOREIGN CORPORATION D/B/A AMTRAK, for the limit provided under and pursuant to 49 C.F.R 213.15, together with costs, attorney fees, and whatever other relief this Honorable Court deems equitable.

### COUNT II - PLEAD IN THE ALTERNATIVE

4

## WILFUL VIOLATION(S) OF THE FEDERAL RAILROAD ADMINISTRATION

14. Plaintiff adopts and realleges as if fully set forth herein paragraphs 1-13, as though fully restated herein.

15. That AMTRAK'S acts and/or omissions constituted a reckless disregard for the safety of its passengers; namely, ALFREDA PRYOR.

**WHEREFORE**, the Plaintiff, ALFREDA PRYOR, prays that this Honorable Court enter a judgment in her favor and against the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, A FOREIGN CORPORATION D/B/A AMTRAK, for the limit provided under and pursuant to 49 C.F.R 213.15, together with costs, attorney fees, and whatever other relief this Honorable Court deems equitable.

## COUNT III - PREMISES LIABILITY

16. Plaintiff adopts and realleges as if fully set forth herein paragraphs 1-15, as though fully restated herein.

17. That on November 24, 2010, it was the duty of the Defendant to maintain its premises in a reasonably safe condition free from any dangerous conditions existing thereon.

18. That the Defendant breached its duty in one or more of the following particulars:

    (a) failed to discover a defective and dangerous condition existing in and upon the premises;

(b) failed to warn of a defective and dangerous condition existing in and upon the premises;

(c) failed to exercise reasonable care in the ownership, operation, maintenance, and control of the premises and allowed a defective and dangerous condition to remain in and upon the premises so as to imperil the safety of the Plaintiff ALFREDA PRYOR;

(d) failed to exercise reasonable care in the ownership, operation, maintenance, and control of the premises and allowed a defective and dangerous condition to remain in and upon the premises without warning; and

(e) failed to inspect the premises so as to discover a defective and dangerous condition existing in and upon the premises.

(f) failed to remove an unreasonable and dangerous condition from the premises;

(g) failed to prevent invitees from slipping on the aforementioned foreign substance;

(h) failed to exercise reasonable care in the ownership, operation, maintenance, and control of its premises;

(i) violated the tenets of the Premises Liability Act; and

(j) violated the tenets of Section 343 of the Restatement Second of Torts.

19. That as a direct and proximate result of the negligence of the Defendant, the Plaintiff sustained injury. Specifically, the Plaintiff suffered disability; disfigurement;

pain and suffering, reasonably certain to be experienced in the future; emotional distress, reasonably certain to be experienced in the future; expenses for necessary medical care, treatment, and services rendered, reasonably certain to continue; the value of earnings lost, reasonably certain to be lost in the future.

**WHEREFORE**, the Plaintiff, ALFREDA PRYOR, prays that this Honorable Court enter a judgment in her favor and against the Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, A FOREIGN CORPORATION D/B/A AMTRAK, for an amount of money in excess of $50,000, together with attorney fees, costs, and whatever other relief the Court deems appropriate and proper.

Respectfully submitted,

11/23/12
Date

JAMES M. URTIS, ESQ.

James M. Urtis, Esq.
LAW OFFICES OF JAMES M. URTIS, ESQ.
20 North Clark Street
Suite 3200
Chicago, Illinois 60602
Tel: (312) 346-4500
Fax: (312) 346-4505
Email: JamesUrtis@UrtisLaw.com

7